UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGG SPAULDING HUNTER, M.D.,
               PLAINTIFF,        CIVIL ACTION
                                              NO. 15-1833
VERSUS

THE LOUISIANA STATE BOARD OF
MEDICAL EXAMINERS and its members:       JUDGE MILAZZO
**MARK HENRY DAWSON**, MD;
J. MICHAEL BURDINE, JR. MD;
KWELI J. AMUSA, MD;
JOSEPH DEWEY BUSBY, MD;
RODERICK V. CLARK, MD;
KENNETH BARTON FARRIS, MD;
CHRISTY L. VALENTINE, MD;
Individually and in their official
capacities; and CECILIA MOUTON,
Individually and in Her Official
Capacity as the Executive Director
of the Louisiana State Board
of Medical Examiners;
               DEFENDANTS.

<u>FIRST AMENDED COMPLAINT FOR DAMAGES</u>
<u>JURY TRIAL DEMANDED</u>

    The plaintiff, through undersigned counsel, amends and files this Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B)

    1. This is a complaint for declaratory, injunctive and other appropriate relief brought by plaintiff, Dr. Gregg Spaulding Hunter, a United States citizen, who brings this action pursuant to 42 U.S.C. 1983 to redress deprivation under color of state law of his rights secured by the Fourteenth Amendment to the Constitution of the United States.

2.   This court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Plaintiffs claim for injunctive relief authorized by 28 U.S.C. §§ 2283-2284 and Rule 65 of the federal Rules of Civil Procedure.

3.   Gregg Spaulding Hunter, M.D., is licensed to practice medicine in the State of Louisiana, as a certified psychiatrist, Certificate No. 14239R.

4.   On May 30, 2014, the defendant Louisiana State Board of Medical Examiners issued an Order of summary suspension, through its individual members, sued herein individually and in their official capacities, which suspension order affirmed the actions of defendant Ceclia Mouton, the Board's Executive Director, sued in her individual and official capacity, who initiated and supervises the ongoing suspension of the medical license of Gregg Spaulding Hunter, M.D.

5.   The suspension was based solely upon a complaint of an alleged patient of Dr. Hunter, claiming that he was guilty of rude or discourteous behavior, sexual misconduct and poor communication skills or poor bedside manner.

6. Prior to the summary suspension, the defendant Board did not perform any investigation of substance concerning the allegations; nor did the Board provide the plaintiff with any opportunity whatsoever to challenge the truth and veracity of the

complaint or to confront his accuser.

7.   Without any hearing whatsoever on the truth and veracity of the allegations against the plaintiff, the defendant Board, through its members, proceeded to affirm its summary suspension of plaintiff's license to practice medicine and ordered him to submit to an evaluation at the Behavioral Medicine Institute of Atlanta, which imposed a cost prohibitive fee for services, which the defendant Board knew to be beyond the plaintiff's financial ability, and knew further that there were reasonable, and cost-efficient alternatives.

8.   Where there was no adequate investigation into the truth and veracity of the complaint against Dr. Hunter and where the Board, through its individual members, failed to provide him with a hearing to challenge the truth and veracity of his accuser, the process and procedure of the defendant Louisiana State Board of Medical Examiners, through its individual members, was arbitrary and capricious conduct that violated plaintiff's right to fundamental fairness and due process under the Fourteenth Amendment to the Constitution of the United States.

9.   The plaintiff has suffered great mental anguish, and he has suffered and continues to suffer irreparable harm and public humiliation.

10.  The plaintiff is entitled to compensatory damages

against defendant Cecilia Mouton and the named members of the Louisiana State Board of Medical Examiners in their individual capacities for their violation of plaintiffs' well-known rights to due process of law protected by the Fourteenth Amendment to the Constitution of the United States, clearly established constitutional rights of which reasonable persons should have known.

    11.  The plaintiff is further entitled to a declaratory judgment that his medical license was summarily suspended unlawfully in violation of the Fourteenth Amendment to the Constitution of the United States.

    12. The plaintiff is further entitled to prospective injunctive relief requiring reinstatement of his medical license and cessation of the ongoing deprivation of his medical license without due process of law.

    13.  Further, the plaintiff has been and continues to be subjected to great humiliation and public notoriety for the reason of the actions taken against him by the defendants and he is entitled to a hearing and opportunity to clear his good name.

    14.  The plaintiff is entitled to a jury trial .

    WHEREFORE, after due proceedings, the plaintiff prays for judgment against defendants, as appropriate under the law, awarding damages, attorney's fees, and such other relief as to the court appears just and proper.

RESPECTFULLY SUBMITTED
BY ATTORNEY FOR PLAINTIFF

*/s/ Nelson D. Taylor*
_____
NELSON DAN TAYLOR, SR. (12684)
J. K. Haynes Legal Defense Fund
926 Saint Charles Street
Thibodaux, LA 70301
Phone: 504-214-7109

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, December 1, 2015, I filed the foregoing pleading electronically using the court's CM/ECF filing system which gave electronic notice to all counsel of record.

*/s/ Nelson D. Taylor*
_____