## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GREGG SPAULDING HUNTER**                                    **CIVIL ACTION**

**VERSUS**                                                                  **NO: 15-1833**

**LOUISIANA STATE BOARD OF MEDICAL**
**EXAMINERS ET AL.**                                            **SECTION: "H"(1)**

### ORDER AND REASONS

Before the Court is Defendant Louisiana State Board of Medical Examiners' Motion to Dismiss for Lack of Jurisdiction (Doc. 17) and the Individual Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 20). For the following reasons, the Louisiana State Board of Medical Examiners' Motion is GRANTED, and the Individual Defendants' Motion is GRANTED IN PART.

### BACKGROUND

Plaintiff, Dr. Gregg Spaulding Hunter, alleges that Defendants, the Louisiana State Board of Medical Examiners ("the LSBME") and its members, wrongfully suspended his license to practice as a certified psychiatrist based

on the complaints of one patient.  Plaintiff alleges that the LSBME failed to conduct any investigation or hearing regarding the veracity of the complaint prior to requiring that he submit to a costly mental evaluation and later suspending his license.

Plaintiff has brought a Section 1983 claim against the LSBME and each of its members both individually and in their official capacities ("the Individual Defendants") alleging a violation of his procedural due process rights for their failure to conduct an investigation or hearing on the veracity of the former patient's complaint prior to his suspension.  Plaintiff seeks compensatory and injunctive relief, including the reinstatement of his license.

The LSBME has moved for dismissal based on Eleventh Amendment sovereign immunity. The Individual Defendants have moved for dismissal on absolute and qualified immunity grounds, as well as Federal Rule of Civil Procedure 12(b)(6) grounds.  This Court will address each argument in turn.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed

---

[1] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

facts.[2] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[3]

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The court need not, however, accept as true legal conclusions couched as factual allegations.[7] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[9] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

---

[2] *Den Norske Stats Oljesels kap As v. Heere MacVof*, 241 F.3d 420, 424 (5th Cir. 2001).

[3] *See Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Id.*

[6] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[7] *Iqbal*, 556 U.S. at 678.

[8] *Id.*

[9] *Lormand*, 565 F.3d at 255–57.

[10] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

### A. Sovereign Immunity

The LSBME argues that Plaintiff's claims against it should be dismissed because it is a state agency entitled to Eleventh Amendment sovereign immunity.  "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity."[11] The State's Eleventh Amendment immunity extends "to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State."[12]

This Court has consistently held that the LSBME is a state agency entitled to Eleventh Amendment immunity.[13]  Plaintiff has not asserted any argument that causes this Court to question these holdings or the Board's entitlement to sovereign immunity.  Accordingly, all of Plaintiff's claims against the LSBME are barred by sovereign immunity.

Because the LSBME is entitled to sovereign immunity, it necessarily follows that Plaintiff's claims against the Board members in their official capacities are also barred.  "That is so because . . . a judgment against a public servant 'in his official capacity' imposes liability on the entity that he

---

[11] *Henry v. Bd. of Pardons & Paroles*, 57 F. App'x 212 (5th Cir. 2003).

[12] *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002).

[13] *Afzal v. Mouton*, No. 14-2786, 2015 WL 2169529, at *3 (E.D. La. May 8, 2015); *Farber v. Louisiana State Bd. of Med. Examiners*, No. 06-3475, 2006 WL 3531644, at *3 (E.D. La. Dec. 5, 2006).

represents."[14] "The Eleventh Amendment generally precludes actions against state officers in their official capacities."[15]

Plaintiff argues, however, that this immunity should extend only to claims for monetary relief. Indeed, the Supreme Court has carved out an exception to immunity when prospective injunctive relief is sought.[16]

> According to *Ex parte Young*, in certain circumstances state officers may be sued in their official capacity and a federal court "may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). To determine whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011).[17]

Plaintiff's Complaint seeks "prospective injunctive relief requiring reinstatement of his medical license and cessation of the ongoing deprivation of his medical license without due process of law."[18] "[T]he great weight of case authority clearly supports treating reinstatement as an acceptable form of prospective relief that may be sought through *Ex parte Young*."[19] Accordingly, this Court holds that the *Ex parte Young* exception to sovereign immunity applies to Plaintiff's prospective claim for injunctive relief against the

---

[14] *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (internal quotations omitted).

[15] *Cantu Servs., Inc. v. Roberie,* 535 F. App'x 342, 344 (5th Cir. 2013) (internal quotations omitted).

[16] *See Ex parte Young*, 209 U.S. 123 (1908).

[17] *Terrebonne Par. NAACP v. Jindal*, No. 14-069-JJB-SCR, 2015 WL 8346468, at *3 (M.D. La. Dec. 8, 2015).

[18] Doc. 16, p. 4.

[19] *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008).

individual board members in their official capacities.  That claim, therefore, survives.  Plaintiffs' claims against the LSBME and for monetary relief against the Individual Defendants in their official capacities are dismissed.

## B. Absolute Immunity

Next, the Individual Defendants seek absolute immunity from Plaintiff's claims against them in their individual capacities.  The Individual Defendants are members of the LSBME, Dr. Mark Dawson, Mr. Michael Burdine, Dr. Kweli Amusa, Dr. Joseph Busby, Dr. Roderick Clark, Dr. Kenneth Farris, and Dr. Christy Valentine, as well as the Board's Executive Director, Dr. Cecilia Mouton.  The Board members presided over Plaintiff's suspension hearing, while Dr. Mouton initiated and prosecuted the claims against him. These defendants allege that the claims against them should be dismissed because they enjoy absolute immunity in the exercise of these functions.

> Although the Supreme Court has been rather conservative in its grants of absolute immunity, it has recognized that there are some officials whose duties require a full exemption from liability. Such officials include judges performing judicial acts within their jurisdiction, prosecutors in the performance of their official functions, and certain "quasi-judicial" agency officials who, irrespective of their title, perform functions essentially similar to those of judges or prosecutors, in a setting similar to that of a court.[20]

The Individual Defendants allege that they are entitled to absolute immunity.  The LSBME board members allege that they should enjoy absolute quasi-judicial immunity for their actions in Plaintiff's suspension hearing;

---

[20] *O'Neal v. Mississippi Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997).

while Dr. Mouton alleges she should enjoy absolute quasi-prosecutorial immunity for her acts in bringing and prosecuting the complaint against Plaintiff. "[I]mmunity attaches to particular official functions, not to particular offices."[21]   Accordingly, this Court must consider whether the Board's functions were judicial or prosecutorial in nature. The Fifth Circuit has propounded factors of the judicial process to be considered in weighing whether absolute immunity is appropriate:

> (1) the need to assure that the individual can perform his functions without harassment or intimidation;
> (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct;
> (3) insulation from political influence;
> (4) the importance of precedent;
> (5) the adversary nature of the process; and
> (6) the correctability of error on appeal.[22]

The Fifth Circuit has repeatedly held that medical/health professional boards are entitled to absolute immunity when performing adjudicatory and prosecutorial functions.[23]  In addition, a court in this district recently analyzed the aforementioned factors as they relate to the LSBME and Dr. Mouton.

> Considering the six factors enumerated in *O'Neal* and case law construing them, the Court readily concludes that Mouton and Dawson [an LSBME Board member and defendant herein] are entitled to absolute immunity for the quasi-prosecutorial and quasi-judicial functions that they respectively performed. First, pursuant to its grant of authority, the LSBME is empowered to initiate and adjudicate administrative complaints leading to the

---

[21] *Id.*
[22] *Id.*
[23] *See id.*; *Di Ruzzo v. Tabaracci*, 480 F. App'x 796, 797 (5th Cir. 2012).

"... suspension, revocation, imposition of probation on, or other disciplinary action against persons holding [medical] licenses ..." LSA–R.S. 46:9901(A). The performance of such functions requires freedom from the threat of personal harassment and intimidation. *Beck v. Texas State Bd. Of Dental Examiners*, 204 F .3d 629, 636 (5th Cir.2000); *O'Neal*, 113 F.3d at 66; *Schafer v. Ogden*, No. 13–CV–6607, 2014 WL 5824962 at *4 (E.D.La. Nov. 10, 2014), modified in part on other grounds, 2015 WL 349412 (E.D.La. Jan. 23, 2015). Second, a number of procedural safeguards present in the processing of such complaints, such as notice of the hearing and the charges, the right to counsel, pre-hearing motion practice, the right to subpoena and to cross-examine witnesses, and the right to present evidence at a formal hearing, all go to reduce the need for separate remedies. LSA–R.S. 46:9905(B), 9907(B), 9911, 9915, 9917, and 9921; *Beck*, 204 F.3d at 635–36; *O'Neal*, 113 F.3d at 66; *Schaffer*, 2014 WL 5824962 at *4. Third, the members of the LSBME are appointed by the Governor and confirmed by the Louisiana State Senate and serve terms of finite length with limits which serve to shield the members from political influence. *Beck*, 204 F.3d at 306; *O'Neal*, 113 F.3d at 66; *Schaeffer*, 2014 WL 5824962 at *4. "Fourth, although the role of precedent is not clear in the relevant statutes, the Fifth Circuit's precedent is clear that this factor is nonetheless not dispositive where the statutory requirements fulfill the other factors." *Schaeffer*, 2014 WL 5824962 at *4 (citing *Beck*, 204 F.3d at 636 and *O'Neal*, 113 F.3d at 66). Fifth, as noted above, administrative proceedings before the LSBME are adversarial in nature. *Beck*, 204 F.3d at 636, *O'Neal*, 113 F.3d at 66; *Schaeffer*, 2014 WL 5824962 at *4. And sixth, pursuant to LSA–R.S. 49:964, a physician who has been disciplined by the LSBME has the right to seek judicial review of that decision which Plaintiff herein has actually done. *Beck*, 204 F.3d at 636; *O'Neal*, 113 F.3d at 66; *Schaeffer*, 2014 WL 5824962 at *4.[24]

---

[24] *Afzal v. Mouton*, No. 14-2786, 2015 WL 2169529, at *4 (E.D. La. May 8, 2015), appeal dismissed (Nov. 16, 2015).

Despite this precedent, Plaintiff argues that the Board members do not meet the test for absolute immunity because their failure to hold a hearing to determine the veracity of the complaint against him evidences a lack of safeguards in place to prevent unconstitutional acts.  The Fifth Circuit has stated, however, that "Board members are entitled to absolute immunity 'from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural error.'  Thus, the inquiry is not whether the defendants committed error while executing the safeguards, but whether adequate safeguards existed."[25]  Here, it is clear that the requisite safeguards exist.  The Board's adjudications are governed by the Louisiana Administrative Code, which sets forth procedural rules addressing notice, the right to counsel, and the right to present evidence and cross-examine witnesses.[26]  Accordingly, this Court finds Plaintiff's argument unpersuasive and holds that, for the reasons previously stated, the Individual Defendants are entitled to absolute immunity against Plaintiff's individual capacity claims.

### C. Procedural Due Process

Finally, the Individual Defendants argue that Plaintiff's sole remaining claim—for prospective injunctive relief against the Board members in their official capacity—should be dismissed because Plaintiff has failed to allege a violation of procedural due process.  Defendants allege that in order to succeed on a procedural due process claim, Plaintiff must show that the state law remedies available to him were inadequate.  Defendants claim that Plaintiff

---

[25] *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 635–36 (5th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).

[26] LA. ADMIN. CODE tit. 46.

cannot do so because he did not seek state court judicial review of the Board's decision.

"The Fourteenth Amendment's right to procedural due process guarantees citizens the protection of adequate procedures before allowing a state to deprive them of their property, liberty, or life."[27]   The Supreme Court has "described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.'"[28]   Plaintiff has clearly asserted such a claim. Plaintiff claims that the Board did not hold a hearing on the merits of his former patient's complaint or allow him an opportunity to be heard prior to requiring him to spend a substantial sum of money to submit to an evaluation at a specific behavioral medical institute.   Accordingly, Plaintiff has alleged a failure by Defendants to provide pre-deprivation process.[29]   Defendants have not pointed this Court to any case law stating that in order to allege a claim under Section 1983 for the violation of procedural due process, a plaintiff must also have adjudicated his claim through the state court.   Indeed, the case law reveals quite the opposite.   The Fifth Circuit has consistently held that "exhaustion of state remedies is not required before a plaintiff can bring suit under § 1983 for denial of due process."[30]   Accordingly, Defendant's argument on this ground fails.

---

[27] *Jordan v. Fisher*, 813 F.3d 216, 222 (5th Cir. 2016).
[28] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).
[29] *See Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 222 (5th Cir. 2012).
[30] *Id.*; *Thomas v. Texas State Bd. of Med. Examiners*, 807 F.2d 453, 456 (5th Cir. 1987).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant LSBME's Motion to Dismiss is GRANTED (Doc. 17), and the Individual Defendants' Motion to Dismiss is GRANTED IN PART (Doc. 20).  Only Plaintiff's claim for injunctive relief against the Individual Defendants in their official capacity survives.

New Orleans, Louisiana this 20th day of June, 2016.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

11