UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGG SPAULDING HUNTER                    CIVIL ACTION

VERSUS                                    NO: 15-1833

LOUISIANA STATE BOARD OF MEDICAL
EXAMINERS ET AL.                          SECTION: "H"(1)

# ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment on Plaintiff's remaining claim (Doc. 42). For the following reasons, Motion is GRANTED.

# BACKGROUND

Plaintiff, Dr. Gregg Spaulding Hunter, brought this suit alleging that Defendants, the Louisiana State Board of Medical Examiners ("the LSBME" or "the Board") and its members, Mark Dawson, J. Michael Burdine, Kweli Amusa, Joseph Busby, Roderick Clark, Kenneth Farris, Christy Valentine, Cecilia Mouton (collectively, "Individual Defendants"), wrongfully suspended his license to practice as a certified psychiatrist based on the complaints of one

patient. Plaintiff alleges that the LSBME failed to conduct any investigation or hearing regarding the veracity of the complaint prior to requiring that he submit to a costly mental evaluation and later suspending his license.

Plaintiff brought a Section 1983 claim against the LSBME and the Individual Defendants both individually and in their official capacities alleging a violation of his procedural due process rights for their failure to conduct an investigation or hearing on the veracity of the former patient's complaint prior to his suspension. Plaintiff sought compensatory and injunctive relief, including the reinstatement of his license.

After this Court's ruling on the Defendants' Motions to Dismiss raising immunity arguments, Plaintiff's only remaining claim is for injunctive relief against the Individual Defendants in their official capacity. The Individual Defendants have now moved for summary judgment on that claim. Plaintiff opposes and seeks an entry of judgment in his favor. The parties agree that there are no material issues of fact. This Court will consider their arguments in turn.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue

---

[1] Fed. R. Civ. P. 56(c) (2012).

of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Plaintiff alleges that the Individual Defendants' decision to suspend his medical license deprived him of a property interest without due process. Defendants argue that Plaintiff received ample due process prior to the suspension of his medical license. A detailed overview of the facts of this case is helpful.

Many years prior to this litigation, the LSBME found Plaintiff, a licensed physician and psychiatrist, to be chemically dependent on controlled or mood-altering substances and he underwent in-patient treatment. He successfully completed a monitoring program in 2005. In 2008, however, he again tested positive for mood-altering substances and was asked to undergo in-patient examination. Plaintiff's license was suspended when he initially refused to undergo examination, however, he eventually submitted to in-patitent treatment at Pine Grove Behavioral and Health Services. During his stay at Pine Grove, the Board was made aware of a case against Plaintiff in which a former patient alleged that he had a sexual relationship with her in 2003 and 2004. His treatment at Pine Grove included participation in a male group therapy concerning sexual matters, and he was later discharged with the recommendation of ongoing therapy and monitoring. Plaintiff thereafter completed a program focusing on professional boundaries. In December 2009, Plaintiff signed a consent order with the LSBME for the reinstatement of his license, which contained several conditions, including a five-year term of probation.

In March 2014, the Board received a complaint from one of Plaintiff's patients, identified as A.B., in which she alleged that Plaintiff had asked

sexually inappropriate questions and made sexually inappropriate comments during her four therapy office visits with Plaintiff. After an investigator deemed A.B. to be credible, the LSBME recommended that, as part of its investigation into the incident, Plaintiff voluntarily undergo a mental evaluation at his own expense. After Plaintiff failed to schedule an evaluation, the LSBME ordered that he do so. Plaintiff argued that he could not afford the examination and therefore did not comply with the Board's order. The LSBME thereafter summarily suspended Plaintiff's license due to his failure to comply with its order to submit to a mental evaluation.

On June 9, 2014, an administrative complaint was brought against Plaintiff for his failure to submit to an examination as ordered by the LSBME. A hearing on the charge was held during which Plaintiff was represented by counsel. The Board found him guilty of the offense and suspended his license "until such time as he has complied with the Board's order for an evaluation." The LSBME further found that the A.B.'s complaint against Plaintiff was a credible basis upon which to begin an investigation and that an evaluation was an essential part of the investigation into that complaint. Plaintiff did not seek judicial review of the Board's opinion in state court.

Plaintiff now argues that the LSBME and its members denied him procedural due process when it summarily suspended his license without affording him a hearing to contest the allegations against him. Defendants argue that the Board is entitled both by law and by Plaintiff's consent order to require that Plaintiff undergo an evaluation. They argue that Plaintiff was suspended for failing to comply with this order and not because of any allegations made against him. Plaintiff rebuts that *but for* the allegations in

the complaint brought by A.B., he would not have been ordered to undergo an evaluation, and therefore, he should have been entitled to a hearing to contest those allegations before he was ordered to undergo an evaluation at his own cost.

Pursuant to Louisiana Revised Statutes § 37:1278, "[a]ny person applying for or accepting a license or permit to practice medicine or midwifery in this state shall, by applying for or accepting said license or permit, be deemed to have given his consent to submit to physical or mental examinations when so directed by the board . . . ." The law further states that: "The cost and expense of any examination or test required by the board as a prerequisite to the issuance, renewal, or restatement of any license, certificate, registration, or permit, shall be paid by the physician . . . directly to the entity . . . administering such examination or test."[9] In addition, the consent order signed by Plaintiff as a condition of the reinstatement of his license in 2009 stated that Plaintiff consented to the imposition of additional probationary terms including "additional treatment, reports and evaluations . . . which the Board in its sole discretion may deem necessary or appropriate."[10] Plaintiff's five-year probationary period had not ended at the time that A.B. lodged her complaint.

Accordingly, it is within the Board's power and sole discretion both by law and by Plaintiff's own agreement to order Plaintiff to submit to a medical evaluation. By signing the consent order, Plaintiff agreed to submit to an evaluation during the probationary period at the Board's own discretion. In

---

[9] La. Rev. Stat. § 37:1281.
[10] Doc. 42-6.

6

doing so, he waived any rights he might have had to procedural due process prior to being ordered to undergo evaluation.[11] Plaintiff has not submitted any evidence suggesting that this waiver was not knowing and voluntary.[12] In addition, Plaintiff has not contested the constitutionality of Louisiana Revised Statutes § 37:1278. Plaintiff does not contest any aspect of the hearing that was held to address the administrative charges brought against him for failure to submit to the Board-ordered evaluation. Accordingly, Plaintiff has not shown that his due process rights were violated.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 18th day of April, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[11] *United States v. Wynn*, 528 F.2d 1048, 1050 (5th Cir. 1976) (stating that due process may be waived).

[12] *Id.* ("The relative bargaining power of the parties, the borrower's ability to understand the provisions of the contract, and the clarity of the contractual language itself are some of the factors to be considered in deciding whether the lender may constitutionally forego prior notice and hearing.").