UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGG SPAULDING HUNTER, M.D., | CIVIL ACTION |
| | NO. 15-1833 |
| VERSUS | |
| | JUDGE MILAZZO |
| THE LOUISIANA STATE BOARD | |
| OF MEDICAL EXAMINERS, ET AL. | MAGISTRATE SHUSHAN |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL AND/OR OTHER RELIEF PURSUANT TO RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The plaintiff, Dr. Greg Spalding Hunter, through undersigned counsel, pursuant to Rule 59 of the Federal Rules of Civil Procedure, moves the court for a new trial, and/or other relief.  As reasons for this motion, the plaintiff respectfully states as follows:

This court on the basis of unsubstantiated innuendo, without verifying facts, has granted summary judgment and sustained in a public federal court record allegations of sexual misconduct against Dr. Gregg Spaulding Hunter, while denying him an opportunity to defend himself. The defendants themselves do not deny that the arguments presented in their Motion for Summary Judgment [R. Doc. 42] are the same arguments presented about due

process in their Motion to Dismiss for Lack of Jurisdiction [R. Doc. 17I and Motion to Dismiss for Failure to State a Claim [R. Doc. 20]. Without acknowledging that it was doing so, the court in ruling on the motion for summary judgment has granted the defendants a reconsideration of its prior Order and Reasons [R. Doc. 27] in which it sustained plaintiff's claim to due process on the facts presented. Contrary to the Court's description, defendants did not just raise immunity arguments in their prior Motions to Dismiss. They raised also the same arguments against plaintiffs' due process rights that they raise in their current motion for summary judgment. Plaintiff is now blind sided by the court's new tact on defendants' presentation, that is, the plaintiff waived his rights under the Due Process Clause of the Fourteenth Amendment Constitution of the United States. Plaintiff objects. The evidence in the record before the court and the law not support the court's conclusion that plaintiff waived his right to due process under the 14th Amendment to the Constitution of the United States.

A.

A summary judgment can only be granted upon the presentation of admissible evidence. The court connects dots and makes findings that are not

based on admissible evidence, not based on the record, but are based on arguments of counsel for which there is no evidence to support. For example, the court makes reference to plaintiff's treatment at Pine Grove Behavioral and Health Services and concludes that the Medical Board "was made aware of the case against plaintiff in which a former patient alleged that he had a sexual relationship with her in 2003 and 2004." There is no evidence before the court that any patient has made such allegations against Dr. Hunter or that the Medical Board was made aware of any such allegations in 2003 and 2004— and there is absolutely no evidence whatsoever that any such matter has ever been before or considered by the Medical Board.  There is absolutely no evidence in the record that the Board was ever made aware of or considered such allegations.  Indeed, as plaintiff pointed out in his opposition, the Board has never considered such allegations, and it was clear at the only hearing held concerning Dr. Hunter, that these allegations were never investigated and have never been considered by the Medical Board. The court's conclusion that plaintiff's participation in group therapy at Pine Grove related to an allegation of sexual misconduct against Dr. Hunter is an absolutely a fiction derived and concocted by arguments of defendants'

counsel. The evidence says that agents on behalf the government at Pine Grove invaded Dr. Hunter's privacy[1] and allegedly found some materials that they claim were sexually oriented. They demanded that Dr. Hunter participate in a male group therapy concerning sexual matters that had no reference whatsoever to any allegations of misconduct made by a patient against Dr. Hunter. There is no evidence whatsoever that the Louisiana State Board of Medical Examiners has ever been presented with any allegations of sexual misconduct against Dr. Hunter other than the claims of A.B.  There is no evidence that Dr. Hunter has ever been given an opportunity to defend himself against any claim of misconduct, including the claim of A.B. The Court adopts as fact a concocted hearsay analysis based on historical innuendo for which there is no admissible evidence in support, not anywhere in the record, and not anywhere established by any proceeding before the Medical Board.

---

[1] There is a serious issue of impropriety presented by the search of Dr. Hunter's automobile and the high-handed coercion to force him to involuntarily participate in an activity which had absolutely nothing to do with the reason for which he was present at Pine Grove.

The court adopts the Medical Board's double standard concerning investigations. It orders Dr. Hunter, without explanation of the necessity thereof, to participate in an expensive program in Georgia that he obviously cannot afford. The Court accepts this conclusion about an investigation without inquiring what is being investigated. It is difficult to understand how the Board concludes that an excursion to Atlanta by Dr. Hunter is a necessary part of an investigation; but a preliminary investigation into the truth and veracity of the allegations made by A.B. escapes of inquiry.

B.

The Medical Board makes no claim that Dr. Hunter endangers the public health. There is no claim that Dr. Hunter engaged in any physical activity of sexual misconduct. A.B., admittedly a person with psychological problems, sought out Dr. Hunter, and then armed with articles she found on the Internet, she made allegations against Dr. Hunter corresponding to what she read on the Internet. The Medical Board now insulates her from all inquiry regarding the truth and veracity of her unverified claims against Dr. Hunter.

With all due respect and appreciation of the court's apparent deference to the Medical Board, plaintiff objects to the abandonment of principles of fundamental fairness which ought to apply to the facts in this case. The plaintiff does not attempt to defeat the jurisdiction of the Medical Board, he asks the Board for a fair opportunity to defend himself against accusations of a kind that are forever destructive to his career. There is no harm to the Board in allowing Dr. Hunter to defend himself. However the refusal to grant him a hearing on the truth and veracity of allegations being made in a public record against him is irreparable harm. It is also contrary to all notions of fair play inherent in our system of justice.

C.

The court cites in part La. Rev. Stat. § 37:1281 [R. Doc. 62 at 6], to wit:

> ... "[a]ny person applying for or accepting a license or permit to practice medicine or midwifery in this state shall, by applying for or accepting said license or permit, be deemed to have given his consent to submit to physical or mental examinations when so directed by the board . . . ." The law further states that: "The cost and expense of any examination or test required by the board as a prerequisite to the issuance, renewal, or restatement of any license, certificate, registration, or permit, shall be paid by the

> physician . . . directly to the entity . . . administering such examination or test."

The plaintiff however urges that the court has cited these provisions in isolation, out of context, without analysis in application to the facts before it. The court's comment suggests that the Louisiana Legislature granted the Medical Board unfettered discretion and gave the Board judicially unreviewable authority over mental and physical examination of physicians, without regard to the circumstances. The Legislature did no such thing. Administrative actions of the Medical Board are reviewable for arbitrary, capricious conduct. Dr. Hunter had a right to challenge any action against him where substantial rights have been prejudiced because the Medical Board's administrative findings, inferences, or conclusions violate constitutional provisions or are arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion were not supported or sustainable by a preponderance of evidence. LA Rev Stat § 49:964 G (1) and (5).  The court clearly misinterprets the meaning and application of La. Rev. Stat. § 37:1281.

The refusal of the Medical Board to grant Dr. Hunter an opportunity to defend himself against allegations of sexual misconduct is clearly arbitrary and capricious misconduct on its face, and an unwarranted exercise of discretion that is not supported or sustainable by a preponderance of evidence. The Medical Board has acted on unverified third-party hearsay for which there is no supporting admissible evidence, while denying Dr. Hunter even an opportunity to defend himself and refute the horrific allegations.

The court goes on to say: "By signing the consent order, Plaintiff agreed to submit to an evaluation during the probationary period at the Board's own discretion." The court suggests therefore that the Medical Board was not bound by any standards of reasonableness in its exercise of its discretion or interpretation of the consent order. The consent order to which the court refers pertains to substance abuse and has absolutely nothing to do with any issue of sexual misconduct. The consent to evaluations during the period of his probation related to issues of substance abuse. The fabrication and imposition of new allegations outside the scope of the consent order is outrageously unfair. Plaintiff did not agree to waive his right to defend himself against allegations of someone who walked off the streets into his

office and made new allegations outside the subject matter and scope of the consent decree. Dr. Hunter did not agree to waive—in any shape, form, or fashion— his right to defend himself against the accusations of A.B.

D.

In a footnote, the court cites a commercial banking case about notice required before foreclosure, United States v. Wynn, 528 F.2d 1048, 1050 (5th Cir. 1976), for the broad proposition that due process may be waived.  Then the court in the next footnote comments: "The relative bargaining power of the parties, the borrower's ability to understand the provisions of the contract, and the clarity of the contractual language itself are some of the factors to be considered in deciding whether the lender may constitutionally forego prior notice and hearing." [R 62 at 7, n. 11-12]. Except for these vague footnote comments, the court makes no attempt to apply the principles of waiver of constitutional rights. The court simply places the burden of proof on Dr. Hunter. The Winn case cited by the court and the cases cited therein appear to make clear that the party who claims waiver has the burden to prove the waiver. Except for the footnote, the court makes no effort to apply the law of waiver of due process rights to the facts of this case. The

court does not discuss any factors relevant to the issue of waiver of due process rights. The court does not discuss and makes no effort to explain how the consent agreement relevant to substance abuse is transformed into a waiver of Dr. Hunter's right to defend himself against completely separate, unsubstantiated and unverified allegations of sexual misconduct.

The court concluded that Louisiana Revised Statute 37:1278 which requires that any person applying for a medical license or reinstatement are "deemed to have given his consent to submit to physical or mental examinations when so directed by the board," along with plaintiff's acceptance of terms of the consent order permitting "additional treatment, reports or evaluation" were sufficient to constitute a waiver of plaintiff's due process rights.  R. Doc. 62. p. 6-7.  The court then accepts the defendants' proposition that they only need to deem A.B.'s complaint as credible, as the basis for ordering the evaluation as part of the "investigation" [R. Doc. 62, p. 5], where the Medical Board clearly never invoked a process or took evidence to determine the credibility of A.B.,  Dr. Hunter's accuser

    The court's Order and Reasons are clearly based on an erroneous view of the law and erroneous assessment of the evidence.   Clearly Dr. Hunter did

not waive his due process rights. The requirement of statute and the consent order necessarily required some underlying action to trigger any additional treatment, evaluation and investigation. Plaintiff repeatedly has claimed that the underlying premise for the investigation process invoked against him is the complaint of A.B. The complaint was never investigated by defendants and it appears that the undefined investigation was directed at plaintiff, without any regard to the truthfulness of the allegations in A.B.'s complaint. This process is not only unfair; it is outrageously unfair.

In his opposition, plaintiff raised substantial issues of law regarding the credibility of A.B.'s complaint. In its order, the court does not address any facts in this regard. The court places the determination of A.B.s credibility beyond the reach of any review by the Medical Board and beyond review in any judicial proceeding. As Dr. Hunter clearly points out in his pleadings, defendants do not deny that the substance and nature of A.B.'s complaint were not the subject of the hearing offered to plaintiff. Plaintiff had no opportunity to question any aspect of A.B.'s complaint.

## CONCLUSION

By the standard set forth by the court, the pleadings, evidence and admissions of record do not support the entry of summary judgment in favor of the defendants and clearly substantiate that Dr. Hunter has been and continues to be denied due process in violation of the 14th Amendment to the Constitution of the United States. The Federal District Court should therefore vacate the judgment granting summary judgment in favor of the defendants and enter summary judgment in favor of the plaintiff, Dr. Gregg Spaulding Hunter.

RESPECTFULLY SUBMITTED
BY ATTORNEYS FOR PLAINTIFFS

_____
NELSON DAN TAYLOR, SR. (12684)
J. K. Haynes Legal Defense Fund
928 Saint Charles Street
Thibodaux, LA 70301
Phone: 504-214-7109

CERTIFICATE OF SERVICE

I hereby certify that on this day, May 16, 2017, I filed the foregoing pleading electronically using the court's CM/ECF filing system which gave electronic notice to all counsel of record.

_____