UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGG SPAULDING HUNTER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1833** |
| **LOUISIANA STATE BOARD OF MEDICAL EXAMINERS ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for New Trial (Doc. 64). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff, Dr. Gregg Spaulding Hunter, brought this suit alleging that Defendants, the Louisiana State Board of Medical Examiners ("the LSBME" or "the Board") and its members, Mark Dawson, J. Michael Burdine, Kweli Amusa, Joseph Busby, Roderick Clark, Kenneth Farris, Christy Valentine,

1

Cecilia Mouton (collectively, "Individual Defendants"), wrongfully suspended his license to practice as a certified psychiatrist based on the complaints of one patient. Plaintiff alleged that the LSBME failed to conduct any investigation or hearing regarding the veracity of the complaint prior to requiring that he submit to a costly mental evaluation and later suspending his license.

Plaintiff's only remaining claim at the summary judgment stage was a claim for injunctive relief against the Individual Defendants in their official capacities for violation of his procedural due process rights. This Court granted the Individual Defendants' Motion for Summary Judgment, holding that Plaintiff had waived his right to procedural due process prior to being ordered to undergo evaluation by signing a consent order.[1] The Court held that it was within the Board's power and sole discretion both by law and by Plaintiff's own agreement to order Plaintiff to submit to a medical evaluation.[2]

Plaintiff now moves for relief from this Court's judgment dismissing his claim, arguing that the Court committed manifest errors of law and fact.

## **LEGAL STANDARD**

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[3] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered

---

[1] Doc. 62.
[2] Doc. 62.
[3] Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

evidence.'"[4] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[5] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[6] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[7]

## LAW AND ANALYSIS

In order to succeed on Rule 59 Motion, Plaintiff must identify (1) a manifest error of law or fact upon which the judgment is based; (2) newly discovered evidence; or an (3) intervening change in the controlling law.[8] Plaintiff argues only that this Court committed a manifest error of law and fact in its dismissal of his claim.

In his Motion, Plaintiff argues vehemently that this Court's order recited facts for which there was no evidence in the record. To the contrary, however, the facts recited by the Court were supported by the evidence attached to Defendant's Motion for Summary Judgment.[9] Plaintiff does not identify any evidence contradicting these facts. More importantly, however, the facts of which Plaintiff complains had no bearing on this Court's ultimate decision.

---

[4] Advocare Int'l, LP v. Horizon Labs., Inc., 524 F.3d 679, 691 (5th Cir. 2008) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)).
[5] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (quoting Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004)).
[6] *Templet*, 367 F.3d at 479 (citations omitted).
[7] Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995).
[8] Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)
[9] *See* Docs. 42-8, 42-6.

Accordingly, Plaintiff has not identified a manifest error of fact committed by this Court.

Next, Plaintiff contests this Court's application of the law.  He does not, however, identify any law contrary to this Court's holding. Instead, he misconstrues this Court holding and complains about its level of analysis. Plaintiff does not identify a manifest error of law committed by this Court.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 16th day of November, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**